IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISSY SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CIERRA RASH, et al.,<br><br>　　　　Defendants. | Cause No. CV 17-156-BLG-SPW-TJC |
| KRISSY SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEVE BULLOCK, et al.,<br><br>　　　　Defendants. | Cause No. CV 18-90-BLG-SPW-TJC |
| KRISSY SANCHEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FRIDEL LLC, et al.,<br><br>　　　　Defendants. | Cause No. CV 18-91-BLG-SPW-TJC |

1

## ORDER and FINDINGS AND RECOMMENDATION
## OF U.S. MAGISTRATE JUDGE

Plaintiff Krissy Sanchez filed these actions in November 2017 and May and June 2018. All three challenge defendants' actions in connection with the care and custody of her children. Generally, Plaintiff alleges the defendants seized her child without authority to do so, did so in an unreasonable manner, and compelled her to submit to unauthorized and unreasonable drug testing during the time she was attempting to regain custody of her child.

This Order addresses all three complaints. But generally, the parties must keep the three complaints distinct. They are three separate cases.

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed the complaints to determine whether they are frivolous or malicious, fail to state claim on which relief may be granted, or seek monetary relief against defendants who are immune. *See* 28 U.S.C. § 1915(e)(2). Some defendants must be dismissed, but most of Plaintiff's allegations require a response.

As shown above, the Court has amended its own captions for each case to substitute an individual defendant for a state entity immune from suit in federal court under the Eleventh Amendment.

### A.  No. CV 17-156-BLG

The complaint in Cause No. CV 17-156-BLG deals with the time period from September 1, 2017, through November 2017. In her recent amendment,

Plaintiff states she is not sure of any officer's identity and aims her allegations at Officers 1, 2, 3, and 4. The unidentified Yellowstone County officers will be added to the caption of the case as defendants. Defendants Deputy Lauwers, Sergeant Taylor, and Deputy Cunningham, as well as CFS Supervisor Jen Weber, will be recommended for dismissal because, following notice and an opportunity to amend, Plaintiff does not make any allegations against them.

Plaintiff's complaint attributed specific acts to Deputy McCave (or Mcave). However, her amendment expresses uncertainty about the identity of all the officers whose actions she describes. Deputy McCave will also be recommended for dismissal. But the four now-unidentified officers, if known, must answer.

Defendant CFS Department of Health and Human Services State of Montana will be recommended for dismissal with prejudice. It is not a "person" under 42 U.S.C. § 1983, and it is also a state agency with Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1999); *Quern v. Jordan*, 440 U.S. 332, 350 (1979). Because the Court is required to construe Plaintiff's complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), her allegations against the entity will be construed as aimed at the named individual state officials and employees.

The remaining defendants—Rash, Friedel, Ellerbee, Larson, Anthony, Johnson, Hogan, McCullough, Harrington, Kirby, and, if known, Yellowstone

County Officers 1, 2, 3, and 4—must file an answer to the complaint as amended.

### B. No. CV 18-90-BLG

The complaint in Cause No. CV 18-90-BLG deals with the time period from April 16, 2018, to May 22, 2018. After notice and an opportunity to amend, Plaintiff does not make any allegations against the Laurel Police Department. It will be recommended for dismissal.

Defendant DPHHS CPS must be dismissed with prejudice. It is not a "person" under 42 U.S.C. § 1983, and it is a state agency with Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1999); *Quern v. Jordan*, 440 U.S. 332, 350 (1979). Again, Plaintiff's allegations against the entity will be construed as aimed at the named individual state officials and employees.

The remaining defendants—Governor Bullock, Smith, Larson, Webber, Harvey, and Moorehead, and, if known, Laurel Police Officers 1, 2, and 3—must file an answer to the complaint as amended.

### C. No. CV 18-91-BLG

The complaint in Cause No. CV 18-91-BLG addresses some activities of Friedel LLC, a drug testing business, and brothers Chris, Neil, Rich, and Douglas Friedel.

On March 1, 2019, Plaintiff filed an amended complaint. She withdrew her

allegations against Defendants 3M Manufacturing, Pharmchek, Pharmchem, Clinical Reference Laboratory, and Joe Halligan and added allegations against Friedel LLC, Chris Friedel, Neil Friedel, and Rich Friedel. *See* Am. Compl. (Doc. 12-1). Chris and Rich Friedel were not named as defendants in the original complaint and must be added to the caption of the case. After notice and an opportunity to amend, Plaintiff alleges that Douglas Friedel retaliated against her for filing a lawsuit against Chris Friedel by falsifying the results of a drug test. *See* Amendment (Doc. 14) at 8–9.

Defendant DPHHS must be dismissed with prejudice. It is not a "person" under 42 U.S.C. § 1983, and it is a state agency with Eleventh Amendment immunity from suit in federal court. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1999); *Quern v. Jordan*, 440 U.S. 332, 350 (1979).

Defendants Friedel LLC, Chris Friedel, Neil Friedel, Rich Friedel, and Douglas Friedel must file an answer to the complaint as amended.

Based on the foregoing, the Court enters the following:

## ORDER

1. In Cause No. CV 17-156-BLG, the clerk shall add Officer No. 1, Officer No. 2, Officer No. 3, and Officer No. 4 as defendants.

2. In Cause No. CV 18-91-BLG, the clerk shall add Chris Friedel and Rich Friedel as defendants.

5

3. The clerk will include this Order with each service copy of the Order requesting waiver of service of summonses.

The Court also enters the following:

### RECOMMENDATION

1. In Cause No. CV 17-156-BLG-SPW-TJC, Defendants Deputy Lauwers, Sergeant Taylor, Deputy Cunningham, Jen Weber, and Deputy Mcave should be DISMISSED. Defendant CFS Department of Health and Human Services State of Montana should be DISMISSED WITH PREJUDICE.

2. In Cause No. CV 18-90-BLG-SPW-TJC, Defendant Laurel Police Department should be DISMISSED. Defendant DPHHS CPS should be DISMISSED WITH PREJUDICE.

3. In Cause No. CV 18-91-BLG-SPW-TJC, Defendant DPHHS should be DISMISSED WITH PREJUDICE.

Sanchez may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Sanchez must immediately advise the Court of any change in her mailing</u>

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

address.  Failure to do so may result in dismissal of this action without notice to her.

DATED this 7th day of May, 2019.

                                       _/s/ Timothy J. Cavan_
                                       Timothy J. Cavan
                                       United States Magistrate Judge