IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISSY SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FRIEDEL, LLC, CHRIS FRIEDEL,<br>RICH FRIEDEL, NEIL FRIEDEL, and<br>DOUGLAS FRIEDEL,<br><br>　　　　　Defendants. | CV 18-91-BLG-SPW<br><br>ORDER |

On July 22, 2020, Magistrate Judge Cavan entered his Findings and Recommendations on Douglas Friedel, Neil Friedel, Chris Friedel, Rich Friedel, and Friedel LLC's Motion to Dismiss. (Doc. 56). Sanchez is a pro se litigant. Judge Cavan divided his recommendations into five discrete pieces and ultimately recommended that all but one of Sanchez's claims be dismissed and that Defendants were entitled to summary judgment on all issues except for Sanchez's claim under 42 U.S.C. § 1983 regarding her interaction with Neil Friedel on September 14, 2017. (Doc 56 at 34).

Defendant Neil Friedel (hereinafter "Neil") timely objected. (Doc. 57). Neil objects to Judge Cavan's finding that summary judgment was inappropriate because Neil failed to meet his burden showing that he did not act under color of

1

state law during a September 14, 2017 encounter with Plaintiff. *Id.* at 2. Specifically, Neil asserts that Judge Cavan erred in relying on insufficiently supported facts, contrary to the Local Rules and Fed. R. Civ. P. 56(c), when he determined that Defendants did not carry their burden to show absence of material dispute about the September 14, 2017 incident. *Id.* at 10. Neil also contends that, even relying on the factual assertions they allege were wrongly admitted, Neil plainly did not engage in a joint action with the State, and therefore cannot be liable under § 1983. *Id.* at 14. Plaintiff did not file an objection or a response to Defendants' objection.

The parties are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews the Magistrate's Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court has reviewed the unobjected to portions of the Findings and Recommendations for clear error and has found no clear error. The remainder of this order will discuss the objected to portions. For the reasons stated hereafter, Judge Cavan's Findings and Recommendations are ADOPTED in full.

I. **Procedural and Factual Background**

The instant case is one of three simultaneously filed by Sanchez. Sanchez occasionally files documents that she lists as apparently applying to all three cases. This has made an increasing mess of the docket. Judge Cavan deftly summed up this history and the Court will repeat the pertinent parts here. (Doc. 56 at 2-9). Sanchez filed her initial complaint in June 2018, and has twice amended it. (Doc. 2, 12, & 38.) The case is properly under federal court jurisdiction under the federal question doctrine. After Sanchez filed her second amended complaint, Defendants moved for summary judgment. (Doc. 41). In total, Sanchez's second amended complaint and Defendants' motion presented Judge Cavan with five issues:

1. Does Sanchez state a claim under 18 U.S.C. § 1864 (c) ("RICO") upon which relief may be granted?

2. Are all Defendants entitled to summary judgment with respect to Sanchez's civil rights claims under 42 U.S.C. § 1983 on the grounds that they did not act under color of state law?

3. Should the Court exercise supplemental jurisdiction over Sanchez's state law claims?

4. Is Sanchez's objection to the disclosure of her Child Protective Services file well-taken?

5. Should Sanchez receive the extension of time or the continuance that she requested on April 3, 2020 (Doc. 54)?

(Doc. 56 at 9).

Judge Cavan found that dismissal was proper on all claims except one of Sanchez's allegations under 18 U.S.C. § 1983, and that supplemental jurisdiction should not be extended. (Doc. 56 at 19). That sole finding is the only issue properly objected to and therefore subject to *de novo* review. Sanchez alleges that she arrived at a State facility for a visit with her child when a social worker on duty, believing Sanchez was intoxicated, called Defendant Neil Friedel to come to the facility to administer a rapid alcohol test. Neil arrived and administered the alcohol test, and then additionally administered a drug test. Neil claims that Sanchez consented to the additional drug test. (Doc. 43-1 at 2). Sanchez disagrees that the drug test was consensual and alleges that Neil administered this extra test with the social worker's approval. (Doc. 48-6 at 12-13).

## II.   Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit

under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

## III. Discussion

Defendant Neil makes two distinct arguments in his objection. First, that Judge Cavan relied on improperly supported pleadings and briefing in determining which facts are in dispute. Second, Neil argues that under the undisputed facts, Neil could not have engaged in a joint action with the State as contemplated in 42 U.S.C. § 1983. (Doc. 57 at 5 and 9). The Court will address each in turn.

### A. *Judge Cavan properly construed Sanchez's filings under Fed. R. Civ. P. 56 and Local Rule 56.1, and properly relied on those filings in his Findings.*

Federal Rule of Civil Procedure 56 (c) governs procedure on motions for summary judgment. It requires that a party asserting or denying the existence of a

5

material fact must support that proposition by either specific citations to the record or by demonstrating that the materials cited by the adverse party do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56 (c) (1). The rule also states that, in making its determination, the Court need only consider the cited materials, but that the Court may consider any materials in the record. Fed. R. Civ. P. 56 (c) (3). District of Montana Local Rule 56.1 (b) requires any party opposing a motion for summary judgment to file a statement of disputed facts stating whether each fact is undisputed or disputed and cite to the record on which grounds that party disputes an assertion.

Neil asserts that Judge Cavan improperly considered unsupported allegations from Sanchez's hodgepodge of filings when he determined that there was a genuine factual dispute regarding the parties' encounter on September 14, 2017. (Doc. 57 at 7). Neil contends that the Federal and Local Rules require a form and a level of specificity that Sanchez did not meet. In Neil's view, because Sanchez failed to submit both a statement of disputed facts and a response labeled as such, that the Court should have deemed all the facts uncontested. This reading is incorrect because it too rigidly defines the scope of the rule (especially given that Sanchez is a *pro se* litigant). First, Sanchez plainly filed a statement of disputed facts and labeled it as "Plaintiffs response to defendant Friedels Statement of facts" (sic). (Doc. 48). In this document, Sanchez serializes each statement

6

made by Defendants and attempts to state whether that statement is disputed. In the Court's view, this meets the strictures of Local Rule 56. Along with her statement of disputed facts, Sanchez filed 10 exhibits. (*See* Doc. 48-2 through 48-11). Admittedly, this submission is a mess and filled with unnumbered and confusing pieces of information. However, Federal Rule of Civil Procedure 56 (c)(3) plainly states that the Court may consider evidence in the record, even if it is not necessarily properly cited to in the statement of disputed facts.

From those filings, Judge Cavan, viewing the evidence in the light most favorable to Sanchez, construed those filings as constituting a response. Furthermore, Sanchez supported the disputed fact at issue, the September 14, 2017 encounter, with an affidavit, clearly labeled and filed as such. (Doc. 48-6 at 12-13). While the Court generally sympathizes with Neil's argument regarding sifting through hundreds of pages of unlabeled documents filed by Sanchez, in this instance the factual basis for Sanchez's dispute was labeled and clear. Neil's argument that he is entitled to dismissal based on improperly supported documents in the record is incorrect. Judge Cavan's determination was correct under the Federal Rules of Civil Procedure and in the interests of justice.

> B. *Judge Cavan correctly determined that Defendants did not carry their burden of demonstrating that under the undisputed material facts, Neil definitively did not engage in joint action with the state as contemplated under* 42 U.S.C. § 1983.

Neil argues that Judge Cavan incorrectly determined that there could have been joint action between Neil and the State under 42 U.S.C. § 1983. Neil makes two distinct contentions in support. First, Neil asserts that he could not be held to have acted jointly with the state because Sanchez has not brought a complaint or made allegations against the state. Second, Neil argues that his actions cannot give rise to the level of joint participation under 42 U.S.C. § 1983.

Claims under 42 U.S.C. § 1983 must meet two requirements to be granted relief: (1) that the defendant deprived the plaintiff of a constitutional right, and (2) that the defendant acted under color of law when doing so. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The claimed depravation must result from the exercise of a right or privilege sourced from state authority. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Under the specific facts of the case, the Court must determine whether the Defendants are properly characterized as state actors. *Id.* Without "something more" private parties cannot be state actors. *Id.* That "something more" is a fact-intensive inquiry, but the key is whether that private party was a willful participant in joint activity with the State or its agents. *Id.* at 941; *see also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). The issue is whether a defendant's actions are fairly attributable to the State; the law does not require that state actors be joined as defendants in the action. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); *and Sparks*, 449 U.S. at 28 (holding that a judge alleged to have

participated in a corrupt bribery scheme need not be named as a defendant for his private co-conspirators to be held liable under 42 U.S.C. § 1983). Therefore, for summary judgment to be appropriate, Neil must demonstrate under the genuinely undisputed material facts that Neil was neither a willful participant in a state action nor that Neil and the state actor reached an understanding to deny Sanchez a right or privilege under the law.

Neil's objection that, because Sanchez has not named or alleged that a state official violated her rights, he cannot be held liable as a joint participant is unavailing given the Supreme Court's holding in *Sparks*. 449 U.S. at 28. The relevant question is whether Neil's action and alleged violation of Sanchez's rights resulted from his willful participation in a joint activity with the State or its agents. Sanchez's decision to only name private actors in her claims does not change this analysis.

Judge Cavan aptly noted that little evidence has been presented by either party regarding Sanchez's visit to the state facility on September 14, 2017. (Doc. 56 at 21). Sanchez makes the allegations in her second amended complaint (Doc. 38 at 3) and the parties each submitted an affidavit in support of their version of events. (Doc. 43-1 at 2 and Doc. 48-6 at 12-13); *see also* Section III.A, *supra*. The parties agree that Neil administered a drug test—beyond what was initially

ordered by the social worker at the facility—but disagree as to whether Sanchez consented to the test.

This factual dispute renders this portion of Sanchez's suit inappropriate for summary judgment. Summary judgment is only appropriate where there is no genuine dispute as to the material facts. *Anderson*, 477 U.S. at 248. A dispute is genuine where a reasonable fact-finder could find for the non-moving party given the evidence presented and it is material where that finding would allow for a judgment in the non-moving party's favor. *Id.* The Court is barred from making credibility determinations as well. *Id.*; *Reeves*, 530 U.S. at 150.

Here, there is a bare factual dispute as to whether Neil drug-tested Sanchez without her consent at a state facility. Each party's position is supported by affidavit, rendering the dispute genuine. Sanchez alleges this occurred with the tacit approval of a social worker, an officer of the state. If Sanchez is correct, and at this stage it must be assumed that she is, there are facts tending to show that Neil was a willful participant in a joint action by the State: (1) the test occurred at a state facility; (2) went beyond the scope of the State's authority and request by testing for more than alcohol; (3) in such a way potentially violative of the Fourth and Fourteenth Amendments protecting against unreasonable search and seizure; and (4) the state officer called Neil to the scene and allowed him to administer the drug test. This demonstrates the materiality of the dispute—Sanchez's consent or

lack thereof could alter the fact-finder's judgment in her favor. Therefore, Neil has not carried his burden to demonstrate under the undisputed material facts that he did not act under the color of state law on September 14, 2017.

## IV. Conclusion

Judge Cavan properly determined that issues of fact preclude summary judgment as to the events on September 14, 2017. As to the portions of his Findings and Recommendations that were not objected to, the Court does not find clear error. Accordingly, Judge Cavan's Findings and Recommendations (Doc. 56) are ADOPTED in its entirety. IT IS ORDERED THAT:

1. Sanchez's civil RICO claim is DISMISSED WITH PREJUDICE for failure to state a claim and as frivolous.

2. The civil rights claims Sanchez abandoned in her Second Amended Complaint, see Compl. (Doc. 2) at 10 para. 2; Am. Compl. (Doc. 12-1) at 1 para. 2, 4 para. 3, are DISMISSED WITH PREJUDICE.

3. The Friedels' motion for summary judgment (Doc. 41) is DENIED as to the testing Neil Friedel administered on September 14, 2017, and GRANTED as to all other claims under 42 U.S.C. § 1983.

4. The District Court DECLINES supplemental jurisdiction over state-law claims.

11

5. As no claims remain against Defendants Friedel LLC, Douglas Friedel, Rich Friedel, and Chris Friedel, and as the deadline for amendment of the pleadings has passed, these Defendants are DISMISSED WITH PREJUDICE from this action.

DATED this 9th day of February 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge