IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISSY SANCHEZ, | Cause No. CV 18-91-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| NEIL FRIEDEL, | |
| Defendant. | |

Following Plaintiff Sanchez's failure to respond to an Order issued on February 11, 2021, United States Magistrate Judge Timothy J. Cavan ordered Sanchez to show cause why this case should not be dismissed with prejudice. Sanchez failed to respond.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the

availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor favors dismissal, and the fifth counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

*Docket Management.* Defendants prepared and filed a properly supported motion for summary judgment on November 22, 2019 (Docs. 41–44). Judge Cavan entered Findings and Recommendation on July 22, 2020 (Doc. 56). Months later, on October 5, 2020, Sanchez submitted a nonsensical document purporting to "object" to summary judgment (Doc. 58). On February 9, 2021, the Court adopted Judge Cavan's recommendation, granting Defendants' motion for summary judgment in part and denying it in part (Doc. 60). Judge Cavan then required each party to submit a brief statement proposing a schedule for disposition of the remaining claim. Defendant Friedel responded, but Sanchez did not. Other litigants attempt in good faith to comply with court orders. This case takes time

away from those cases, and an action cannot proceed without a plaintiff. The second factor, concerning docket management, supports dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

*Prejudice.* Sanchez's abandonment frustrates Defendant Friedel's ability to vindicate himself at trial. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

*Alternatives.* No viable alternatives to dismissal appear. The Court has already provided Sanchez with two opportunities to rejoin the action. She has failed to respond. This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits. Both the Court and Defendants have invested significant time and resources in this matter. Now, however, Sanchez has essentially abandoned the action. The balance of the *Pagtalunan* factors support dismissal.

Accordingly, IT IS ORDERED that this action is DISMISSED for failure to prosecute. The clerk shall enter, by separate document, a judgment of dismissal for failure to prosecute.

DATED this 29th day of March, 2021.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

3